IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| VERONICA VALENTINE,<br><br>　　　　　　　Plaintiff,<br><br>　vs.<br><br>WHEELOCK,<br><br>　　　　　　　Defendant. | 8:18CV24<br><br>MEMORANDUM<br>AND ORDER |

Plaintiff filed her Complaint on January 25, 2018. ([Filing No. 1](#).) She has been given leave to proceed in forma pauperis. ([Filing No. 6](#).) The court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under [28 U.S.C. § 1915(e)(2)](#).

### I. SUMMARY OF COMPLAINT

Plaintiff seeks a declaratory judgment that Defendant "Wheelock" violated here constitutional rights to due process and equal protection under the Fifth and Fourteenth Amendments. Plaintiff claims Wheelock allowed the State to take custody of her son, J.V., in an action originally brought to establish paternity of J.V. and in which Plaintiff was named as a "Third Party." ([Filing No. 1 at CM/ECF p.1](#).) Plaintiff claims that Wheelock should have appointed counsel for Plaintiff in the proceedings to remove J.V. from her custody.

### II. APPLICABLE LEGAL STANDARDS ON IN INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* [28 U.S.C. § 1915(e)](#). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks

monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569–70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

### III. DISCUSSION OF CLAIMS

Plaintiff indicates this is an "1873Ku Klux Klan Civil Action" (filing no. 1), which, based on the conclusory allegations of the Complaint, the court construes to be an action brought under 42 U.S.C. § 1983. "To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff's Complaint contains no facts to show that Wheelock violated her constitutional rights. Moreover, Wheelock is not even adequately identified to permit the court to accurately determine whether Wheelock was acting under color

of state law. Giving the Complaint its most liberal construction, the court can surmise that Wheelock is most likely the judge presiding over the paternity action referenced by Plaintiff. If that is the case, Plaintiff's claims against Wheelock are barred by judicial immunity.

A judge is immune from suit, including suits brought under section 1983 to recover for alleged deprivation of civil rights, in all but two narrow sets of circumstances. *Schottel v. Young*, 687 F.3d 370, 373 (8th Cir. 2012). "First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Id.* (internal citations omitted). An act is judicial if "it is one normally performed by a judge and if the complaining party is dealing with the judge in his judicial capacity." *Id.* (internal citations omitted).

Here, Plaintiff alleges only that Wheelock failed to appoint her counsel in the course of the paternity/custody proceedings. Although Plaintiff alleges he acted in violation of her rights to due process and equal protection, Plaintiff alleges no facts against Wheelock that would fall outside the scope of a judge's duties in presiding over paternity/custody proceedings. Accordingly, Wheelock, if a judge, is immune from suit.

Notwithstanding any immunity applicable to Wheelock, Plaintiff's claims for declaratory relief are subject to dismissal under the domestic relations exception to federal court jurisdiction. It is well-settled that "the whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States." *In re Burrus*, 136 U.S. 586, 593–94 (1890). Although this domestic relations exception to federal jurisdiction does not apply to a civil action that merely has domestic relations overtones, federal courts lack jurisdiction where the action is a mere pretense and the suit is actually concerned with domestic relations issues. *See, e.g.*, *Drewes v. Ilnicki*, 863 F.2d 469, 471 (6th Cir. 1988).

Here, the substance of Plaintiff's claims concerns state law domestic relations matters. It is apparent from Plaintiff's allegations that she seeks to call into question the validity of the state court proceedings concerning her son's custody. As such, the state courts would be better equipped to handle the issues that have arisen in the course of the paternity/custody proceedings concerning Plaintiff's son and her displeasure with the decisions rendered by Wheelock. *See Overman v. U.S.*, 563 F.2d 1287,1292 (8th Cir. 1977) ("There is, and ought to be, a continuing federal policy to avoid handling domestic relations cases in federal court in the absence of important concerns of a constitutional dimension. . . . Such cases touch state law and policy in a deep and sensitive manner and as a matter of policy and comity, these local problems should be decided in state courts.") (internal citations and quotations omitted). Accordingly, Plaintiff's claims are dismissed for lack of subject matter jurisdiction.

IT IS THEREFORE ORDERED that: Plaintiff's Complaint (filing no. 1) is dismissed without prejudice. The court will enter judgment by a separate document.

Dated this 14th day of May, 2018.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge